IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIAM D. GRUSSING, | Cause No. CV 23-74-BLG-BMM |
| Petitioner, | |
| vs. | ORDER |
| WARDEN JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

William D. Grussing ("Grussing"), a state prisoner proceeding pro se, filed this action under 28 U.S.C. § 2254. Grussing challenges a 2011 Felony Driving Under the Influence ("DUI") conviction handed down in Montana's Thirteenth Judicial District, Yellowstone County. (Doc. 1 at 2-3.)

Grussing received a net 73-month sentence, a 13-month commitment to the Montana Department of Corrections, followed by a 5-year suspended sentence. (*Id*. at 3.) Grussing alleges his right to due process was violated in the underlying criminal proceedings when leave to file the Information charging him with felony DUI was not properly granted. (*Id*. at 5, 9-10.) Grussing further claims that his trial counsel provided ineffective assistance by failing to investigate and discover and correct this irregularity. (*Id*. at 11-12.) Grussing asks the Court to release him

1

from the State judgment of conviction and return him to society.  (*Id.* at 7.)

The Court notes that Grussing has two other federal habeas petitions

pending.  In *Grussing v. Salmonsen*, Cause No. CV-23-61-BLG-BMM, pet. (filed

June 13, 2023), Grussing is challenging 2021criminal convictions, including DUI,

handed down in Montana's Fourteenth Judicial District, Golden Valley County.  In

*Grussing v. Salmonsen*, Cause No. CV-23-73-BLG-BMM-KLD, pet. (filed June

27, 2023), Grussing is challenging a 2013 DUI conviction out of Yellowstone

County. Grussing has also filed a motion for summary judgment.  (Doc. 4.)

**i.    Analysis**

This Court is required to screen all actions brought by prisoners who seek

relief.  28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion

thereof if the prisoner raises claims that are legally frivolous or fails to state a basis

upon which relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).

As a preliminary matter it appears Grussing's petition is both untimely and

procedurally defaulted.  *See* 18 U.S.C. § 2254(d)(1) (providing a one-year statute

of limitations period for a petition for a writ of habeas corpus filed by a person in

state custody); *see also Shinn v. Martinez Ramirez*, 596 U.S. __, 142 S.Ct. 1718,

1727 (2022)("A federal habeas court generally may consider a state prisoner's

federal claim only if he has first presented that claim to the state court in

accordance with state procedures."). Grussing attempts to excuse his late filing and

failure to present his claims to the state courts, by stating the purported violations were not known to him at the time of his direct appeal and postconviction proceedings.  (Doc. 1 at 6.)  This Court is empowered to bypass a procedural issue, however, in the interest of judicial economy when the claim clearly fails on the merits.  *See Flournoy v. Small*, 681 F. 3d 1000, 1004 n. 1 (9th Cir. 2012); *see also Franklin v. Johnson*, 290 F. 3d 1223, 1232 (9th Cir. 2001); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (noting in the interest of judicial economy, courts may proceed to the merits).  As explained below, this Court lacks jurisdiction. The petition will be dismissed.

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).  Habeas jurisdiction requires that a petitioner be in custody under the conviction or sentence under attack at the time his federal petition is filed.  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam).

As set forth above, Grussing received a net 73-month sentence on August 12, 2011.  (Doc. 1 at 2.)  Grussing subsequently was convicted and sentenced for additional DUI offenses. There is no indication that the 2011 sentence was revoked. *See* Montana Correctional Offender Network: https://app.mt.gov/conweb/ (accessed August 21, 2023). Thus, from the face of Grussing's petition, it appears

the 2011 sentence has long since expired. Grussing is presently incarcerated. At the time of his federal filing, however, he was not "in custody" under the 2011 conviction and sentence.

To the extent that Grussing attempts to challenge the 2011 conviction because it may have been used to enhance the subsequent sentences he received, this argument also fails.  The fact that the earlier sentence may have been used to enhance the latter, does not mean that Grussing was "in custody" pursuant to the 2011 conviction.  *See Lawckawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("[R]espondent was not 'in custody' on his 1958 conviction merely because that [prior] conviction had been used to enhance a subsequent sentence."); *Maleng*, 490 U.S. at 492-93 (explaining that when a prior conviction is used to enhance the sentence for a subsequent conviction, "it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody'").  In regard to state convictions, the Court has stated:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under §2254 on the ground that the prior conviction was unconstitutionally obtained.

*Coss*, 532 U.S. at 403-04.  Accordingly, Grussing's petition will be dismissed for lack of jurisdiction.

### ii.      Motion for Summary Judgment

Grussing has also filed a motion for summary judgment pursuant to Rule 56,

Federal Rules of Civil Procedure, and a statement of facts in support. (Doc. 4.)

The motion mirrors the claims made by Grussing in his habeas petition and do not

provide an independent basis for any form of relief.  Moreover, "summary

judgment procedures generally are ill suited to habeas cases."  *See* Brain R. Means,

Rule 56, Federal Habeas Manual § 8:36 (2018).  Grussing's filing is premature

even if such a motion were proper in this proceeding.  This matter is in the

prescreening process and Respondents have not been directed to file an answer.

Accordingly, the motion for summary judgment will be summarily dismissed.

### iii.      Certificate of Appealability

 "The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254

Proceedings. A COA should issue as to those claims on which a petitioner makes a

"substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further."  *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).  Where a claim is dismissed on procedural grounds, the Court must also

decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Grussing's petition will be dismissed. It cannot be said that reasonable jurists would find a basis to encourage further proceedings or find this Court's determination that it lacks jurisdiction to be debatable. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Grussing's Petition (Doc. 1) is DISMISSED for lack of jurisdiction.

2. Grussing's Motion for Summary Judgment (Doc. 4) is DISMISSED.

3. The Clerk of Court is directed to enter judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 22nd day of August, 2023.

_____
Brian Morris, Chief District Judge
United States District Court