IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIAM D. GRUSSING,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 23-74-BLG-BMM<br><br><br>ORDER |

Before the Court are Petitioner Grussing's Rule 60(d)(1) Motion for Independent action for Equitable Relief (Doc. 10), Motion for Summary Judgment (Doc. 11), and Motion for Resolution (Doc. 12.) Grussing's Rule 60(d)(1) motion is procedurally improper and he is not entitled to relief under Rule 60(b). The Court will deny the motion for this reason. The Court also will deny the two remaining motions.

**Background**

Grussing is a state prisoner currently incarcerated at Montana State Prison for Driving Under the Influence ("DUI") and related offenses. In the instant matter, Grussing challenged a 2011 felony DUI conviction handed down in Montana's Thirteenth Judicial District, Yellowstone County. (Doc. 1 at 2-3.)

1

Grussing asserted his right to due process was violated in the underlying criminal proceedings when leave to file the Information charging him with felony DUI was not properly granted. (*Id*. at 5, 9-10.) Grussing further alleged his trial counsel provided ineffective assistance by failing to discover and correct this irregularity. (*Id*. at 11-12.)

This Court engaged in prescreening of Grussing's petition. The Court noted that Grussing's petition appeared to be untimely and the claims were procedurally defaulted. The Court elected to bypass the procedural hurdles in the interest of judicial economy. (Doc. 8 at 2-3.) The Court determined that Grussing's 2011 sentence had expired, thus, he could not meet the "in custody" requirement of 28 U.S.C. § 2254(a). *Id*. at 3-4. Further, the Court explained to Grussing that an attempt to challenge the 2011 conviction simply because it may have been used to enhance the subsequent sentences that he received also failed to meet the "in custody" requirement. *Id*. at 4, *citing Lawckawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488 492-93(1980)(per curiam). The Court dismissed Grussing's petition for lack of jurisdiction and denied certificate of appealability. (*Id*. at 5-6.)

Grussing then filed a motion for relief pursuant to Fed. Rule of Civ. Pro. 60(d)(1). (Doc. 10.) Grussing concedes that the Court correctly ordered dismissal of the matter for lack of jurisdiction. Grussing nevertheless argues a Rule 60 action

2

is appropriate in order for this Court to set aside a judgment whose "integrity is lacking." (*Id*. at 1.)

Specifically, Grussing restates his argument that Montana state district court failed to properly grant leave to file the criminal information in his underlying state case. (*Id*. at 2.) Grussing contends that this act, in turn, violated Grussing's right to due process and amounted to an abuse of discretion, undermining the public's confidence in the judicial process. (*Id*. at 3.) Grussing asserts this failure constituted a structural error that requires reversal and also divested the Montana state court of jurisdiction to accept his guilty plea. (*Id*. at 3-4.)

Grussing believes that trial counsel's failure to investigate this purported irregularity constitutes ineffective assistance of counsel and resulted in his conviction of unconstitutional and invalid charges. (*Id*. at 4-5.) Grussing posits this Court's intervention would be appropriate under Rule 60(d)(1) in order to address a "grave miscarriage of justice." (*Id*. at 5-6.) Grussing also claims that an equitable action would be appropriate, because there exists no other remedy at law, and it is necessary to restore the public's confidence and satisfy the ends of justice. (*Id*. at 6-7.) Grussing advanced the same arguments in his original § 2254 petition.

**Analysis**

Federal Rule of Civil Procedure 60 governs requests for relief from a judgment or order. Rule 60(b) provides that parties may seek relief under certain

circumstances, such as error, new evidence, fraud, or the judgment being void. Rule 60(d)(1) permits the Court to "entertain an independent action to relieve a party from judgment, order, or proceeding…" Fed. R. Civ. P. 60(d)(1). A Rule 60 independent action is an equitable one, the proponent must show a meritorious claim or defense. Furthermore, relief under Rule 60(d) is reserved for the rare and exceptional cases where a failure to act would result in a miscarriage of justice. *United States v. Beggerly*, 524 U.S. 38, 42-46 (1998).

> The purpose of Rule 60(d)(1) has been described as follows:
>
> Whatever power federal courts had prior to the adoption of Rule 60 to relive a party of a judgment by means of an independent action according to traditional principles of equity. Thus, for example, an independent action for relief from judgment may be brought by a person whose interests are affected by the judgment, even if that person was not a party to the original action.

12 Moore's Fed. Prac. Civ. § 60.80 (Matthew Bender 3d ed.). Rule 60(d)(1) does not grant a court with any powers or provide a litigant an avenue for relief. It merely preserves a cause of action a litigant might be able to bring outside the bounds of a suit in which judgment has been entered. But Grussing has not filed an "independent action." He has not filed a new case. Rule 60 does not apply. Grussing's present motion is procedurally improper.

Given Grussing's pro se status, however, the Court will analyze the motion under Rule 60(b). Rule 60(b) provides relief from final judgment based on a mistake, newly discovered evidence, fraud, a void judgment, a discharged

judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 99th Cir. 2000)(quotation omitted). A motion for reconsideration should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F. 3d 1041, 1046 (9th Cir. 2003).

    Grussing presents no evidence of mistake, newly discovered evidence, or other grounds to support reconsideration of the Court's prior Order. Grussing instead seeks to renew arguments that he previously presented to the Court. Grussing agreed with this Court's finding that it lacked jurisdiction over his challenge to the 2011 conviction. *See* (Doc. 10 at 1.) Rule 60 does not provide a vehicle permitting unsuccessful claims to be considered anew. Grussing has not demonstrated that he is entitled to reconsideration, and he has set forth no facts or law of a strongly convincing nature to compel reversal. *See Decker Coal Co. V. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988). The Court will deny the motion because Grussing repeats arguments already made and has not provided one of the

permissible grounds to support his reconsideration request relative to his ineffective assistance and/or due process claims. *Maraziti v. Thorpe*, 52 F. 3d 252, 255 (9th Cir. 1995) (holding that a Rule 60(b) motion was properly denied because the plaintiff merely reiterated the arguments he already presented).

    Grussing presents no newly discovered or previously unavailable evidence, and he supplies no new facts. Grussing does not justify his request for reconsideration by pointing to an intervening change in controlling law. Finally, Grussing has failed to demonstrate that the Court committed clear error in its prior ruling. Accordingly, Grussing has failed to surmount the high standard for the Court to amend its prior Order. The motion for relief from judgement will be denied.

    This Court previously denied Grussing a Certificate of Appealability ("COA"). (Doc. 8.) For the reasons set forth herein, the Court concludes that Grussing has failed to make a showing, let alone a substantial showing, of the denial of his constitutional rights. Accordingly, to the extent that Grussing seeks one, the Court will not entertain a renewed request for a COA. If Grussing wishes to appeal, he must file a notice of appeal within 30 days after entry of this Order and must seek a COA from the Ninth Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 22(b)(2).

    Finally, because this Court lacks jurisdiction over the underlying petition, no

basis exists to consider Grussing's Motion for Summary Judgment (Doc. 11) and Motion for Resolution (Doc. 12.)  Both are denied.

Accordingly, IT IS HEREBY ORDERED:

1. Grussing's Rule 60 Motion for Relief (Doc. 10) is DISMISSED.

2. To the extent one is sought, a request for a Certificate of Appealability is DENIED.

3. Grussing's Motion for Summary Judgment (Doc. 11) and Motion for Resolution (Doc. 12) are DENIED.

DATED this 13th day of November, 2023.

_____
Brian Morris, Chief District Judge
United States District Court